IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| RENE MURILLO HINOJOSA, | § |
| | § |
| Petitioner, | § |
| | § |
| v. | § CIVIL ACTION NO. H-10-437 |
| | § |
| UNITED STATES DEPARTMENT OF | § |
| JUSTICE, *et al.*, | § |
| | § |
| Respondents. | § |

**MEMORANDUM AND OPINION**

The petitioner, Rene Murillo Hinojosa, is a Colombian citizen who first came to the United States in 1987 and has been married to a United States citizen since 1989. Murillo faces removal on the basis of illegal entry, a 1988 cocaine offense, and repeated reentry. Murillo contends that in 1997, the Immigration and Naturalization Service granted him a waiver of the criminal conviction as a basis for inadmissibility to the United States. Murillo applied for adjustment of his status to that of legal permanent resident. There was no action on his application until 2002, when the United States Citizen and Immigration Service (USCIS)[1] denied the application. The denial was based on a change in the law that made aliens convicted of cocaine and other drug offenses ineligible for a waiver. Murillo asserts that he moved for reconsideration in 2008 and, after no action on his motion, filed this petition for a writ of mandamus in February 2010. Murillo seeks an order requiring the "USCIS District Director to adjudicate the motion to reconsider by acting on the application for

---

[1] As a result of the Homeland Security Act of 2002, Title IV of P.L. 107-296 (Nov. 25 2002), 116 Stat. 2135, the United States Immigration and Naturalization Service ("INS") was abolished and its functions were transferred to DHS. USCIS assumed the immigration-related service functions performed by INS, including the adjudication of adjustment, visa, and naturalization petitions.

adjustment in light of the granted waiver." (Docket Entry No. 1 at 2). Murillo asks this court to enforce the waiver he contends he was granted over a decade ago. He asserts that to permit the United States to continue to refuse to act on his motion for reconsideration of the application to adjust status to permanent legal resident, and to deny his application on the basis of an 18-year-old conviction that resulted in a deferred adjudication because of a recent change in immigration law, is unlawful and unfair. (Docket Entry No. 9, 11).

In response, the government asserts that this court is simply the wrong place for Murillo to turn for the relief he seeks. The government points out that in April 2010, the Department of Homeland Security began removal proceedings against Murillo, which are pending. The government contends that those proceedings are the necessary and proper place for Murillo to present his grounds for waiver and, if those grounds are rejected, to seek judicial review in the United States Court of Appeals. The government contends that until that occurs, Murillo has failed to exhaust his administrative remedies and that this court lacks subject matter jurisdiction to review the agency's denial of the adjustment application. (Docket Entry No. 4 at 10–15). The government also contends that there is no basis for a mandamus writ to issue because the decision is not ministerial and that under current law, the cocaine offense provides a basis for the USCIS decision that Murillo challenges. (*Id.* at 15–18). The government moved to dismiss or in the alternative for summary judgment.

In response, Murillo acknowledged that he may raise his arguments for adjustment of status — the government's 1997 waiver of the criminal conviction as a basis for inadmissibility and his long marriage to a citizen — in the removal proceeding. He asked this court to abate this mandamus suit until those proceedings concluded and then review the result. (Docket Entry No. 9).

The government responded to the request for abatement by pointing out that the only court statutorily authorized to review the decision of the immigration court is the United States Court of Appeals for the Fifth Circuit, making dismissal rather than abatement appropriate. (Docket Entry No. 10). In an additional reply, Murillo argued that there is no requirement for exhaustion because the removal proceedings were not initiated until after the petition was filed and because the removal decision will be based on current law, which has changed to preclude the waiver Murillo previously received. Murillo argues that because the Immigration Court must apply current law, and that will likely result in his removal, there is no basis to require him to obtain that result before suing in federal court. Murillo does not address whether this district court, as opposed to the Fifth Circuit Court of Appeals, is authorized to conduct the review he seeks. Murillo appears to continue to request abatement while making it clear that he vigorously opposes dismissal with prejudice. (*See* Surreplies to Motion to Dismiss or in the Alternative For Summary Judgment, Docket Entry No. 11, 12).

Based on the petition, the motion and responses, the record, and the applicable law, this court grants the respondents' motion to dismiss for lack of subject matter jurisdiction and dismisses this case, without prejudice. The reasons are set out below.

**I.      Factual and Procedural Background**

Murillo is a Colombian citizen who unlawfully entered the United States in August 1987. He received a deferred adjudication in Texas state court in May 1988 for the state felony offense of criminal conspiracy to deliver cocaine. On June 6, 1988, an immigration judge ordered him deported to Colombia. Murillo illegally reentered the United States in April 1989 and was deported a second time in June of that year. He returned the following month.

On September 20, 1990, Murillo filed an Application for Permission to Reapply for Admission Into the United States After Deportation or Removal, Form I-212, seeking to join his United States citizen wife, whom Murillo had married in 1989. The INS district director denied Murillo's application for adjustment of status on August 30, 1991 on a finding that he remained inadmissible under 8 U.S.C. §1182(a)(2) because of his 1988 deferred adjudication for the cocaine offense. On February 9, 1993, the Administrative Appeals Office withdrew the decision and remanded to the district director for entry of a new decision. On April 25, 1997, the INS approved the Form I-212 after finding that Murillo's deferred adjudication did not make him inadmissible because it did not constitute a "conviction" for immigration purposes. The INS also found that Murillo was not inadmissible under 8 U.S.C. §1182(a)(2)(C), because the facts underlying his drug offense did not provide the agency reason to believe that he had engaged in drug trafficking.

On January 24, 1996, Murillo filed an Application to Register Permanent Residence or Adjust Status, Form I-485, based upon an approved relative petition submitted by his United States citizen wife. In June 1996, Murillo was granted advance parole to travel outside the United States while his Form I-485 was pending adjudication. He was paroled into the United States on his return on June 23, 1996, making him an "arriving alien" under 8 C.F.R. §§1.1(q), 1001.1(q).

Murillo asserts that the USCIS denied the Form I-485 on November 5, 2002, finding that Murillo was inadmissible under 8 U.S.C. §1182(a)(2)(A)(i)(II) because of his controlled substance violation. In 1996, the Immigration and Nationality Act was amended to add a new statutory definition of "conviction." Section 322 of the Illegal Immigration Reform and Immigration Responsibility Act of 1996 ("IIRIRA"), Pub.L.No. 104-208, Div. C, 110 Stat. 3009-546 (1996), added §101(48)(A) to the INA, 8 U.S.C. § 1101(a)(43)(A). The new statutory definition of

4

"conviction" applied to the "convictions and sentences entered *before*, on or after the date of the enactment of [IIRIRA]." IIRIRA § 322(c) (emphasis added). Before the change, courts had held that a deferred adjudication under Texas law did not constitute a conviction for immigration purposes. *See Martinez-Montoya v. INS*, 904 F.2d 1018 (5th Cir. 1990). The statute superseded this case law. *See Moosa v. INS*, 171 F.3d 994, 1007–08 (5th Cir. 1999) (holding that under the amended statute, deferred adjudications under Texas law qualify as convictions under 8 U.S.C. §1101(a)(48)(A)).

Murillo filed this suit in February 2010. He challenged the USCIS's 2002 denial of his application for adjustment of status and maintained that the USCIS had failed to act on a motion to reconsider he filed with the agency in 2008. Murillo sought a writ of mandamus to require the USCIS to act on the reconsideration motion to give "full faith and credit" to the 1997 decision waiving the criminal conviction as a basis for inadmissibility. (Docket Entry No. 1).

On April 13, 2010, the DHS began removal proceedings against Murillo. The respondents moved to dismiss or for summary judgment on the basis that in the removal proceedings, Murillo will be able to raise the arguments for waiver and the results will be reviewable by the Fifth Circuit Court of Appeals. The respondents contend that the USCIS has found no evidence that Murillo filed an application for a waiver of ground of inadmissibility, a Form I-601, which is used to request a §212(h) waiver. The respondents also contend that they have been unable to find the 2008 USCIS decision on the Form I-485 or a 2008 motion for reconsideration, as Murillo maintains. (Docket Entry No. 4, Ex. 16, Declaration of USCIS Associate Regional Counsel Pauline Appelbaum, ¶¶ 2-5.).

**II.    Analysis**

A party may invoke Federal Rule of Civil Procedure 12(b)(1) to challenge a district court's

subject matter jurisdiction. The party who invokes federal court jurisdiction bears the burden of showing that jurisdiction is proper. *Dow Agrosciences, LLC v. Bates*, 332 F.3d 323, 326 (5th Cir. 2003). When a court determines it lacks jurisdiction over an action, it must either dismiss the action or, in the interests of justice, transfer it to a court of proper jurisdiction. *See Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 818 (1988) (mentioning both options); 28 U.S.C. §1631 (permitting transfers to cure want of jurisdiction); FED. R. CIV. P. 12(h)(3) (directing courts to dismiss actions over which it lacks jurisdiction). A transfer to the court of appeals is permissible under 28 U.S.C. §1631 when that court "would have been able to exercise jurisdiction on the date that the case was filed in the district court, the district court lacked jurisdiction over the case, and the transfer is in the interest of justice." *Bentley v. Gonzales*, 194 F. App'x 200, 201 (5th Cir.2006) (summary calendar) (per curiam) (unpublished). As explained below, this court lacks subject matter jurisdiction to hear Murillo's challenge, because federal law vests the courts of appeals with jurisdiction challenges to such immigration challenges. Murillo has not requested transfer to the Fifth Circuit and that appears premature because he has not exhausted the administrative process.

Under 8 U.S.C. §§1252(d)(1), (a)(5), and (b)(9), a petitioner seeking judicial review of denials of adjustment of status applications must seek review of final removal orders before the courts of appeals. Congress has eliminated district court jurisdiction over "all questions of law and fact . . . arising from any action taken or proceeding brought to remove an alien from the United States" and lodged exclusive jurisdiction in the courts of appeals once agency remedies have been exhausted. 8 U.S.C. §§1252(a)(5) & (b)(9). Since the Real ID Act was passed in 2005, §1252(a)(5) has "divested district courts of jurisdiction over removal orders and designated the courts of appeals as the sole forums for such challenges via petitions for review." *Moreira v. Mukasey*, 509 F.3d 709,

712 (5th Cir. 2007). In addition, §1252(b)(9) requires a petitioner to raise questions for judicial review exclusively in a petition for review in the appropriate appellate court. These "jurisdiction-channeling provisions" require aliens subject to removal to pursue adjustment of status in their removal proceedings, followed by a petition for review of the final removal order. *See, e.g.*, *Akinmulero v. Holder*, 347 F. App'x 58, 61 (5th Cir. 2009) (per curiam) (unpublished).

In addition, the Real ID Act also amended the jurisdiction-stripping provision of § 1252(a)(2). *See Kucana v. Holder*, — U.S. —, 130 S.Ct. 827, 831 n.1 (2010); *Alvarado de Rodriguez v. Holder,* 585 F.3d 227, 233–34 (5th Cir.2009). Section 1252(a)(2)(B) strips all courts of jurisdiction to review "(i) any judgment regarding the granting of relief under section . . . 1255" of Title 8 of the United States Code or (ii) any "other decision or action of the Attorney General or the Secretary of Homeland Security" which is specified as discretionary under Subchapter II of Chapter 12 of Title 8, "except as provided in subparagraph (D), and regardless of whether the judgment, decision, or action is made in removal proceedings." Under subparagraph (D), the courts of appeals retain jurisdiction over "constitutional claims or questions of law" through the petition-for-review process."

Because Murillo must raise his claims within his removal proceedings, they lie within the exclusive jurisdiction of the Fifth Circuit through the petition-for-review process, and this court lacks jurisdiction. *See* 8 U.S.C. §§1252(a)(2)(D), (a) (5), and (b)(9); *Kucana*, 130 S.Ct. at 839–40 (holding that the appellate courts retain jurisdiction to review BIA denials of motions to reopen, which are discretionary decisions made pursuant to immigration regulations); *Strokous v. Mukasey*, 308 F. App'x 76, 78 (9th Cir. 2009) (per curiam) (unpublished) (eligibility for an adjustment of status under §1255(d) lies within the appellate jurisdiction through a petition for review); *Yu v.*

*Mukasey*, 262 F. App'x 566, 566 (4th Cir. 2008) (per curiam) (unpublished) (same).

Although an adjustment of status is ultimately left to the discretion of immigration authorities, the appellate courts retain jurisdiction to consider whether immigration authorities are properly construing the law — §1255(d) — that they have the discretion to apply. *See Choin v. Mukasey*, 537 F.3d 1116, 1121 n.5 (9th Cir. 2008); *Markovski v. Gonzales*, 486 F.3d 108, 110 (4th Cir. 2007). Courts lack jurisdiction to consider the discretionary denial of an adjustment application. *See* 8 U.S.C. §1252(a)(2)(B)(i); *Hadwani v. Gonzales*, 445 F.3d 798, 800 (5th Cir. 2006). Murillo has provided no argument why this court, not the Fifth Circuit, has jurisdiction to hear the case. This court lacks subject matter jurisdiction.

Transfer is inappropriate because Murillo has not exhausted his administrative remedies. Under the INA, an administrative determination of whether an alien is entitled to remain in the United States usually results from the commencement of removal proceedings before an immigration court. *See* 8 U.S.C. §1229a(a). Once the USCIS district director denies an application for adjustment of status, an alien may renew that application before an immigration judge in removal proceedings. 8 C.F.R. §1245.2(a)(5)(ii). The immigration judge has exclusive authority to consider the application under 8 U.S.C. §1255 *de novo*. 8 C.F.R. §§1240.11(a), 1245.2(a)(5)(ii); *Cardoso v. Reno*, 216 F.3d 512, 518 (5th Cir. 2000). If the immigration judge denies the adjustment application and orders removal, the alien may appeal to the Board of Immigration Appeals as a matter of right. 8 C.F.R. §§1003.1(b), 1003.3, 1003.38, 1240.15. If the Board affirms an immigration court's removal order, that order becomes administratively final. 8 U.S.C. §1101(a)(47)(B). Under 8 U.S.C. §1252(a), an alien seeking review of that order may can raise statutory and constitutional allegations by filing a timely petition for review in a United States Court of Appeals. 8 U.S.C.

§1252(a)(1). There is no similar grant of jurisdiction to district courts to review adjustment of status application determinations. The INA divests district courts of jurisdiction over removal orders and designates the courts of appeals as the only court to receive such challenges through petitions for review. 8 U.S.C. §1252(a)(5); *see Rosales v. Bureau of Immigration & Customs Enforcement*, 426 F.3d 733, 735–36 (5th Cir. 2005) (per curiam). Under 8 U.S.C. §1252(b)(9), any questions of law and fact arising from a removal order must be raised in a petition for review of that order. *See Jama v. Gonzales*, 431 F.3d 230, 232 (5th Cir. 2005).

Under 8 U.S.C. §1252(d)(1), a court "may review a final order of removal only if . . . the alien has exhausted all administrative remedies available to the alien as a matter of right." In *Cardoso v. Reno*, 216 F.3d 512 (5th Cir. 2000), the court addressed the exhaustion requirement. The court held that an alien who was not yet subject to removal proceedings could not seek judicial review of the district director's denial of her application for adjustment of status in district court but was required to exhaust her administrative remedies by renewing the application once she was placed in removal proceedings. *Id.* at 518 (citing 8 U.S.C. §1252(d)).

The government contends that Murillo has not exhausted his remedies. Because he is the subject of a removal proceeding where he can renew his application for adjustment of status and apply for any necessary waivers of inadmissibility, he must complete that process and file an appeal to the proper court once it is completed. *See* 8 C.F.R. §§212.2(e), 212.7(a)(1)(ii), 245.2(a)(5)(ii), 1245.2(a)(5)(ii). Under 8 C.F.R. §1245.2(a)(1)(ii), an immigration court has jurisdiction over an arriving alien's adjustment application when: (1) the application was properly filed with the USCIS while the arriving alien was in the United States; (2) the alien departed from and returned to the United States pursuant to the terms of a grant of advance parole to pursue the previously filed

application for adjustment of status; (3) the application for adjustment of status was denied by USCIS; and (4) DHS placed the arriving alien in removal proceedings either upon the arriving alien's return to the United States or after USCIS denied the application. *See* 71 Fed. Reg. 27,585–92 (May 12, 1996) (proposing amendments to 8 C.F.R. §§245.2(a), 1245.2(a)). Murillo meets the requirements to renew his adjustment of status application in removal proceedings but has failed to do so. The government urges that this failure to exhaust makes judicial review unavailable.

Murillo responds by attempting to distinguish *Cardoso* and arguing that because the government delayed in filing the removal proceedings, and because the law has changed to preclude the result he hopes to achieve, there is no basis to require exhaustion. Murillo acknowledges that a denial of adjustment ordinarily may be reviewed in removal proceedings and that in *Cardosa*, the court declined to provide judicial review of the agency's denial of a requested adjustment of status. Murillo argues that in *Cardosa*, the alien requesting adjustment had already been removed and could not show his eligibility for adjustment. In contrast, Murillo requested adjustment of status and filed this suit before removal proceedings began. He argues that because the agency delayed in beginning removal proceedings until after he petitioned for adjustment of status based on the agency's prior waiver of his criminal conviction as a basis for inadmissibility and on his marriage, after the law changed adversely to his request, and after he filed this suit, there is no exhaustion requirement. He also appears to argue that because he cannot show eligibility for adjustment of status under current law, the administrative process provides him no effective remedy, excusing exhaustion.

Murillo's arguments are unavailing. Under 8 C.F.R. §245.2(a)(5)(ii), an alien who is denied adjustment of status may renew his adjustment of status application upon commencement of removal

proceedings. In *Cardoso*, the court held that the alien did not exhaust her administrative remedies for her denial of adjustment of status because she could renew her request for adjustment of status on the commencement of removal proceedings. The result did not turn on the fact that the alien had already been removed or correctly determined to be ineligible for adjustment of status.

An alien may not directly appeal an immigration judge's denial of a request for adjustment of immigration status. If the alien believes that the adjustment application was wrongly denied, there is a right to reapply for adjustment of status on the commencement of removal proceedings. Aliens subject to orders of removal may only seek adjustment of status by filing a motion to reopen removal proceedings with an immigration judge, and any subsequent challenges may be brought via petition for review of the final removal order. The fact that Murillo filed this mandamus petition before the USCIS had commenced removal proceedings does not remove the need to exhaust. *See Lahiri v. U.S. Dept. of Homeland Security*, Civ. A. No. 09-4489, 2010 WL 797853, at *1–2 (E.D. La. 2010) ("[S]ince removal proceedings have not commenced against Plaintiff, Plaintiff has failed to exhaust all administrative remedies pursuant to 5 U.S.C. §704. There is no final agency action.").

Murillo's argument that exhaustion would be futile because under the law that will be applied, he is not eligible for a waiver does not provide an exception to the requirement. The fact that the current law is unfavorable to Murillo does not make the administrative remedies "inadequate" in the relevant sense of depriving the agency of any power to determine the challenge. *Sousa v. INS*, 226 F.3d 28, 32 (1st Cir. 2000). This exception is inapplicable to the present case because there is a recognized procedure for considering claims for waiver of grounds for inadmissibility. The fact that Murillo likely will not succeed in his challenge because the law is

11

unfavorable to him does not make resort to the administrative procedure futile so as to remove the exhaustion requirement. Murillo's failure to exhaust his administrative remedies also makes transfer inappropriate.

### III. Conclusion

This court grants the respondents' motion to dismiss, without prejudice.

SIGNED on December 23, 2010, at Houston, Texas.

Lee H. Rosenthal
United States District Judge